IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 42

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID PAUL GEORGE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Temporary Release on Bond to Attend Funeral Services ("Motion for Temporary Release") (Doc. 8).

In a five-count bill of indictment filed on May 22, 2019, Defendant was charged with violations of 18 U.S.C. § 2241(c), 18 U.S.C. § 2244(a)(5), 18 U.S.C. § 2243(a)(3), 18 U.S.C. § 2244(a)(3) and 18 U.S.C. § 1153. (Doc. 1)

Defendant had an initial appearance on May 29, 2019 during which the Government moved for detention.

On June 3, 2019, Defendant was arraigned and entered a plea of not guilty. A hearing was also held on the Government's motion for detention, and the motion was allowed.

In the instant Motion for Temporary Release, Defendant requests that the Court temporarily release him on conditions so that he may attend a

funeral service on June 28, 2019 for his ex-wife who passed away unexpectedly. In particular, he seeks to be released from 10 AM until 4 PM to travel to a funeral home in Cherokee, North Carolina. Defendant's motion states that "he will arrange with family members to provide his transportation to and from the services." (Doc. 8) at 2.

The Government takes no position with respect to Defendant's request. Id.

Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The only new information provided by Defendant's Motion for Temporary Release is the passing of Defendant's ex-wife. Information regarding Defendant's residence, family, history of sobriety, and criminal history was considered in the previous detention decision.

In addition, Defendant is charged with criminal sexual activity involving multiple minors, which activity allegedly occurred within the boundaries of the Eastern Band of Cherokee Indians reservation where the funeral services will apparently be taking place. Defendant's Motion for Temporary Release,

however, makes no reference to whether Defendant would be in the presence of minors during his temporary release or otherwise how Defendant would be supervised while out of custody.

While Defendant's interest in attending the funeral services is legitimate, sufficient grounds for modifying the Court's previous order of detention have not been shown.

Accordingly, Defendant's Motion for Temporary Release on Bond to Attend Funeral Services (Doc. 8) is **DENIED.**

Signed: June 27, 2019

W. Carleton Metcalf
United States Magistrate Judge