IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 42

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) |
| DAVID PAUL GEORGE, SR., | ) |
| | ) |
| and | ) |
| | ) |
| EASTERN BAND OF CHEROKEE INDIANS, | ) |
| | ) |
| Garnishee. | ) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee (Doc. 32) filed by the Eastern Band of Cherokee Indians (the "Tribe"), the Government's response (Doc. 33), and the Government's Motion for Order of Continuing Garnishment (Doc. 34).

On February 3, 2020, the Honorable Max O. Cogburn, Jr., United States District Judge, sentenced Defendant to 51 months' incarceration for his conviction of Sexual Abuse of a Minor or Ward. See Doc. 26. As part of the Judgment, Defendant was ordered to pay a $100.00 assessment and a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act ("JVTA").

Subsequently, the United States filed an Application for Writ of

Continuing Garnishment (Doc. 28) and, on November 13, 2020, the Court entered a Writ of Continuing Garnishment as to the Tribe (Doc. 30).

On December 8, 2020, the Tribe filed an Answer (Doc. 32) which sets forth objections and defenses to the Government's right to garnish and requests that the writ of continuing garnishment be quashed. In particular, the Tribe argues that, pursuant to Section 16C-5(d) of the Cherokee Code, the *per capita* distribution of net gaming revenues is exempt from creditors, except for (1) child support or (2) debts to the Tribe.

The Tribe recognizes previous authority in this district finding that the Tribe's sovereign immunity has been abrogated by the Federal Debt Collection Procedure Act. See United States v. Rattler, 2:03-cr-40-LHT, United States District Court, Western District of North Carolina, Doc. 33 (finding Federal Debt Collection Procedure Act "uses unequivocal language" to waive the Tribe's sovereign immunity, but noting that tribal court order for child support had priority over writ of garnishment) (citing, *inter alia*, C & L Enter., Inc. v. Citizens Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411 (2001); United States v. Weddell, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), aff'd, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir.1999); In re Kedrowski, 284 B.R. 439 (Bankr. W.D. Wis. 2002); 28 U.S.C. § 3205(c)(8)).

The Tribe, however, suggests that as a matter of comity and in the interest of the sound administration of justice, any garnishment order in this

action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions.

While the Court acknowledges the Tribe's sovereign authority over its members, see Williams v. Big Picture Loans, LLC, 929 F.3d 170, 176 (4th Cir. 2019), quoting Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991) (quoting Cherokee Nation v. Georgia, 30 U.S. 5 Pet. 1, 17, 8 L.Ed. 25 (1831)), no legal authority has been cited in support of the Tribe's request, and the undersigned finds that the funds sought to be garnished in this case should be collected, handled, and distributed by and through the Government and the Clerk of Court in the usual course and in accordance with applicable law.

**IT IS THEREFORE ORDERED THAT:**

1. The Tribe's objections, defenses, and set offs are **OVERRULED** and its motion to quash as contained in its Answer to Writ of Garnishment (Doc. 32) is **DENIED**;

2. The Government's Motion for Order of Continuing Garnishment (Doc. 34) is **GRANTED**; and

3. An Order of Continuing Garnishment is **ENTERED** in the amount of $3,075.00, which is the balance of the debt as calculated through October 16, 2020, as stated by the Governemnt's Motion (Doc. 34).

This Order shall attach to each *per capita* distribution of gaming revenues, and all such revenue shall be garnished in favor of the United States until Defendant's debt is paid in full.

Signed: June 29, 2021

W. Carleton Metcalf
United States Magistrate Judge